

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Snyder v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Snyder v. Comm IRS" (2007). *2007 Decisions.* Paper 881.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/881

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2179
_____

JESSIE M. SNYDER,

Appellant

v.

MARK W. EVERSON,
COMMISSIONER OF INTERNAL REVENUE SERVICE
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-01561)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2007

Before: SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed: June 27, 2007)

_____

OPINION
_____

PER CURIAM

        Jessie M. Snyder appeals from the order of the United States District Court for the

Western District of Pennsylvania dismissing her complaint.  We will affirm.

In November 2005, Snyder instituted suit against the Commissioner of the Internal Revenue Service ("IRS"). In her complaint, Snyder alleged that in October 2005, she received a levy and notices of seizure from the IRS, the amount of the levy being $1,251,631.84, for unpaid taxes for the period ended December 31, 1978. She stated that the IRS collection actions stemmed from a July 1991 consent judgment entered against her and her husband (now deceased), in the amount of $408,411.71. Snyder contended that the matter was fully settled, by agreement with the government, through payment of $10,000 to the IRS. Snyder attached to her complaint copies of several documents, including the levy and notices of seizure, the consent judgment,[1] the first page of the settlement agreement, the $10,000 check, and a notice that part of her Social Security payments had been taken to offset her debt to the IRS. Alleging that the IRS's collection actions were occurring by error, mistake, or fraud, Snyder sought temporary and permanent injunctive relief to prevent the IRS from further collection activity and to refund the amounts taken from her Social Security benefits. She also sought punitive damages if the IRS was determined to have committed fraudulent acts.

The government filed a motion to dismiss the complaint for lack of subject matter and personal jurisdiction. It attached a complete copy of the settlement agreement, noting that the agreement required annual installment payments to be made from 1991 through

---

[1] The consent judgment was filed in United States v. Snyder, No. 86-cv-00466 (W.D. Pa. July 19, 1991).

2

1998, in addition to the initial $10,000 payment.[2]  The agreement also specified that if the Snyders' income was insufficient to trigger a payment, they were to submit a sworn statement of income with a copy of their tax return.  Because no payments or sworn statements were made after the initial payment, the government determined that Snyder was in default of the agreement and thus became liable for the taxes owed.  As such, the government argued that Snyder's lawsuit naming the IRS Commissioner was actually against the United States, the real party in interest for disputing tax liability. Accordingly, to the extent that Snyder sought damages relief, the government argued that the District Court lacked subject matter jurisdiction because the United States has sovereign immunity.  In addition, the government argued that the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201) and the Anti-Injunction Act (26 U.S.C. § 7421(a)) barred Snyder's suit to the extent she requested injunctive relief.  Moreover, the government argued that the District Court lacked personal jurisdiction over the government defendant because Snyder had failed to serve the complaint in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

In response, Snyder did not dispute any of the government's assertions.  Rather, she argued only that the government's argument that she breached the settlement agreement was time-barred under Pennsylvania law.  In reply, the government stated that the consent agreement contains a waiver of the statute of limitations, that state-law

---

[2] The installment payment terms are also shown on the (incomplete) first page of the settlement agreement attached to Snyder's complaint.

statutes of limitations do not apply to the federal government's tax collection, and the applicable federal limitations period did not apply to the consent judgment entered in this case.

On March 7, 2006, citing the subject matter and personal jurisdictional bases raised by the government, the District Court concluded that it lacked jurisdiction over the suit, granted the government's motion to dismiss, and dismissed Snyder's complaint. Snyder appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In her brief on appeal, Snyder appears to concede that the tax debt at issue remains unpaid and that the District Court lacked jurisdiction over her complaint. She no longer pursues her statute of limitations argument. She does not contend that the District Court committed any error in dismissing her complaint, and we discern no error upon our review of the record. Rather, Snyder's sole argument is that in April 2006, after the dismissal of her complaint, she promised to pay the government $1,300,000 to satisfy her tax debt. To the extent that she asks this Court to grant substantive relief based on this matter outside of the District Court record on appeal, we decline to do so. In any event, Snyder's new argument provides no basis to disturb the District Court's judgment.

We will affirm the District Court's judgment.