**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3937
_____

UNITED STATES OF AMERICA

v.

JESSIE M. SNYDER and
ROBERT L. SNYDER, DECEASED

Jessie M. Snyder,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 86-0466)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2011

Before: BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed  June 1, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Jessie Snyder appeals the District Court's order renewing the government's judgment lien pursuant to 28 U.S.C. § 3201(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and will affirm the District Court's judgment.

In 1991, a consent judgment was entered in favor of the government and against Snyder and her husband concerning the couple's federal tax liabilities. The government then filed an abstract of the judgment in Butler County, Pennsylvania. However, despite its continuing efforts, the government has been unable to collect the judgment in full. In 2007, the government obtained an order of foreclosure and sale of properties belonging to Snyder. The order has not been executed because the occupants of the properties have refused to vacate the premises.

Under federal law, the initial 1991 judgment lien was scheduled to expire after 20 years. See 28 U.S.C. § 3201(c)(1). However, § 3201(c)(2) authorizes a party to renew the lien for an additional 20 years by filing notice with the court. The government here did so, and on August 19, 2010, the District Court approved the renewal of the judgment lien. Snyder then filed a timely notice of appeal.

In her brief, Snyder does not challenge the District Court's order renewing the lien. Instead, she argues that, because she has provided the government with, in her words, a "public money certificate,"[1] she has fully discharged her debt. See generally Trohimovich v. Dir. of Dep't of Labor & Indus., 584 P.2d 467, 469-70 (Wash. Ct. App.

2

1978) (explaining the basis for and the legal frivolity of this argument). In her previous appeals, Snyder has repeatedly raised this argument, and we have rejected it each time. See United States v. Snyder, 365 F. App'x 407 (3d Cir. 2010); United States v. Snyder, 308 F. App'x 651 (3rd Cir. 2009); Snyder v. Everson, 237 F. App'x 734 (3d Cir. 2007). We will not entertain it again. Accordingly, we will affirm the District Court's order renewing the government's judgment lien.

---

[1] This "public money certificate" was a personal note by Snyder promising to pay the government $1.3 million.